UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ARLONDO K. HENSON**          **CIVIL ACTION NO. 6:17-CV-1186**

**VS.**                        **SECTION P**

                               **UNASSIGNED DISTRICT JUDGE**

**KAWASKI THOMAS, ET AL**      **MAGISTRATE JUDGE PATRICK HANNA**

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Arlondo K. Henson filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 15, 2017. He was ordered to amend his complaint and use the proper form, and did so on October 24, 2017. He was granted leave to proceed *in forma pauperis* on November 9, 2017. Plaintiff is a pretrial detainee in custody at the St. Martin Parish Jail. He makes allegations of false arrest and imprisonment and slander against the St. Martin Parish Sheriffs' Department and Deputy Thomas Kawaski.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

Plaintiff filed the instant suit alleging claims related to his April 15, 2017 arrest on one count of first degree rape, in violation of La. R.S. 14:42, and one count of carrying a firearm by a convicted felon, in violation of La. R.S. 14:95.1. He seeks punitive damages, to have his name cleared, to have Deputy Thomas removed or assigned to a desk job, and to be

released from jail. Plaintiff claims that he was arrested pursuant to "the false filing of public documentation," and has been falsely imprisoned since the date of his arrest. He also alleges that Deputy Thomas posted his name, photo and address on Facebook, thereby slandering his name and defaming his character.

### *Law and Analysis*

#### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## *2. Slander/Defamation*

Plaintiff claims that by posting his name, photo and address on Facebook, Deputy Thomas slandered his name and defamed his character. It is well established that there is no constitutional right to be free from slander or defamation. *Paul v. Davis*, 424 U.S. 693 (1976). Thus libel and slander are not cognizable under 42 U.S.C. § 1983, because a defamation claim does not involve the deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States. *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980). Accordingly, relief cannot be granted for this claim and it should be dismissed.

## *3. Heck/Wallace v. Kato Considerations*

Plaintiff has been charged with one count of first degree rape and one count of carrying a firearm by a convicted felon. Plaintiff awaits trial on these charges and claims that he is not guilty. If plaintiff is ultimately convicted of the offense, he will not be entitled to seek compensatory damages for his wrongful arrest and false imprisonment claims until such time as the conviction has been declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions.

On the other hand, since the criminal prosecution remains pending, *Heck* does not yet apply. *See Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted (<u>or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial</u>), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

Thus, in accordance with the principals announced in *Heck v. Humphrey, Hudson v. Hughes,* and *Wallace v. Kato,* plaintiff's wrongful arrest and false imprisonment claims must be stayed pending the results of the on-going criminal prosecution.

***4. Habeas Corpus***

In addition to money damages, plaintiff prays for his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action. To the extent that he maintains that his custody is pursuant to a conviction in a state court, he must seek relief in a petition for *habeas corpus* pursuant to 28 U.S.C. §2254; to the extent that he claims that his pre-trial detention is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's three tiered court system. Since release from custody is not available in this proceeding, plaintiff, to the extent he seeks such relief, fails to state a claim for which relief may be granted.

### 5. *Request to Remove Deputy Thomas*

Furthermore, plaintiff seeks to have Deputy Thomas removed or assigned to a desk job. "[F]ederal courts are not personnel directors of state prison systems, and such relief is unattainable in [a § 1983] action." *Hurrey v. Unknown TDCJ Corr. Officer A*, 2009 WL 3645638 at *2 (N.D. Tex. Nov. 4, 2009) (*citing Maxton v. Johnson*, 488 F.Supp. 1030, 1032 n. 2 (D.S.C. 1980)).

### 6. *St. Martin Parish Sheriff's Office*

Plaintiff names the St. Martin Parish Sheriff's Office as a defendant. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by

the law of the state in which the district court is held." Fed. R. Civ. P. 17(b). Thus, Louisiana law governs whether the St. Martin Parish Sheriff's Office has the capacity to be sued in this action.

Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24. It is well settled under Louisiana law that a sheriff's department is not a legal entity capable of being sued. *See Valentine v. Bonneville Ins. Co.*, 691 So. 2d 665, 668 (La. 1997); *see also Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 283 (5th Cir. 2002) ("The law of Louisiana affords no legal status to the Parish Sheriff's Department wherein said department can sue or be sued, such status being reserved for the Sheriff individually."). Thus, the St. Martin Parish Sheriff's Office is not a juridical person capable of being sued under state or federal law. Plaintiff's claims against it should be dismissed.[1]

### *Conclusion and Recommendation*

Based on the foregoing

**IT IS RECOMMENDED THAT** plaintiff's claims against Deputy Kawaski Thomas for slander and defamation should be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

**IT IS FURTHER RECOMMENDED THAT** this action – insofar as it seeks

---

[1] The plaintiff has not alleged any claims against the Sheriff in his official capacity which could conceivably invoke municipal liability.

plaintiff's immediate release– be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted pursuant to Section 1983.

**IT IS FURTHER RECOMMENDED THAT** this action – insofar as it seeks to remove Deputy Thomas or have him assigned to a desk job– be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted pursuant to Section 1983.

**IT IS FURTHER RECOMMENDED THAT** plaintiff's claims against the St. Martin Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as the department is not a juridical person capable of being sued.

**IT IS FURTHER RECOMMENDED THAT t**his action – insofar as it seeks monetary damages for wrongful arrest and imprisonment– be **STAYED** under the following conditions:

> **a. If plaintiff intends to proceed with his claims, within thirty (30) days of the date the criminal proceedings against him have concluded he must file a motion asking the court to lift the stay;**
>
> **b. If the stay is lifted and the court finds plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed at that time, absent some other bar to suit, such as prescription. See *Wallace*, 127 S.Ct. at 1098; and,**
>
> **c. In light of the stay, plaintiff should not file any more documents (other than an objection to this Report and Recommendation) in this action until the state court proceedings have concluded; and**
>
> **d. Defendants shall not be required to answer during the pendency of the stay, and Plaintiff may not seek a default judgment or**

**conduct any discovery.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, March 14, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE